IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent.

vs.

BRANDY VEGA TELLEZ,

    Movant.

No. CR S-99-0401 JAM EFB P

<u>FINDINGS AND RECOMMENDATIONS</u>

Movant, Brandy Vega Tellez, is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has filed a motion to dismiss, claiming that the motion is untimely, that Tellez waived his right to bring this motion, and that the motion is successive. For the following reasons, the motion is untimely and the government's motion to dismiss must be granted.

////
////
////

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. CIV S-11-0838 JAM EFB.

1

Tellez pleaded guilty and was sentenced to 184 months. Dckt. No. 145 at 1. Judgment was entered on April 16, 2001. Dckt. No. 107. He filed the instant motion to vacate, set aside or correct his sentence on March 25, 2011.[2]

A section 2255 motion must be brought within a one-year limitations period. The statute provides that:

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the government argues that the limitations period began to run on the date on which the judgment of conviction became final. A judgment of conviction becomes final "upon the expiration of the time during which [the defendant] could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Under Federal Rule of Appellate Procedure 4(b)(1), a criminal defendant has 14 days to file a notice of appeal after the entry of judgment. Thus, Tellez's conviction became final on April 30, 2001, and the statute of limitations expired one year later. As noted above, Tellez did not file the instant motion until March 25, 2011. Assuming section (1) applies, Tellez did not file this motion until nearly nine

---

[2] While Tellez purports to bring his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and/or Rule 36 of the Federal Rules of Criminal Procedure, the court construes the motion as one brought pursuant to 28 U.S.C. § 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255").

2

years after the expiration of the limitations period.

Tellez appears to argue that section (2) above should apply, because he was prevented from filing a section 2255 motion by the government's creation of an unconstitutional impediment. *See* Dckt. No. 165 at 3. Tellez writes:

> As a federal prisoner at the FCI Lompoc, he avers the following was thwarted by the Government despite his diligence in pursuing his federal claims. The result of a deficiency in the Prison Library at Lompoc, following the destruction and removal from the shelves of all law books to the conversion of a computerized library without any training on how to navigate the complicated functionalities of the new computer research system. This action is tantamount to a denial of access to the courts.

*Id.* Thus, Tellez appears to be arguing that the switch between printed books and a computer system was a government-created impediment that started the statute of limitations after his conviction was final. Tellez does not explain when this switch between printed books and a computer system occurred, or how the switch accounts for his motion being filed nearly ten years after his conviction was final. Even assuming that such an argument was facially credible, Tellez was indisputably able to file a section 2255 motion during this time period because he actually did so. *See* Dckt. No. 129 (prior section 2255 motion). His previous section 2255 motion was dismissed on the grounds that he had expressly waived his rights to bring such a motion. *See* Dckt. No. 145.[3]

Similarly, Tellez is not entitled to equitable tolling of the statute of limitations. While it is true that the one-year limitation period contained in Section 2255 is subject to equitable tolling, the burden to establish grounds that warrant equitable tolling rests with the movant. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004); *Pace v. DiGuglielmo*, 544 U.S. 408, 418–19 (2005). A defendant may be entitled to equitable tolling if he can demonstrate that "extraordinary circumstances beyond his control made it impossible to file a petition on time and

---

[3] Because the motion to dismiss must be granted on timeliness grounds, the court does not reach the government's arguments that Tellez waived his right to bring such a motion and that the motion is successive.

3

the extraordinary circumstances were the cause of his untimeliness." *Battles*, 362 F.3d at 1197. Here, the only facts Tellez provides to support equitable tolling are: 1) his law library switched from printed books to a computer system, as discussed above, and 2) his appellate attorney failed to advise him of his legal options. *See* Dckt. No. 165 at 3; Dckt. No. 162 at 7-8. For the reasons explained above, the law library argument fails. Tellez has not demonstrated that any change in the materials provided by his library made it impossible for him to timely file this motion, and indeed, such a claim would be belied by the docket in this case, which reveals that he did file a previous 2255 motion. Tellez's claim that his appellate attorney failed to advise him of his legal options also does not entitle him to equitable tolling. First, a "garden variety claim" of attorney negligence is not a sufficient basis for equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549, 2564 (2010). But even assuming the legal viability of such a claim, Tellez does not explain specifically what his appellate attorney did or did not do that made it impossible for Tellez to file a section 2225 motion in the ten years after his conviction was final. In addition, as noted above, Tellez in fact *did* file such a motion during this time period.

Finally, Tellez claims that he is actually innocent of the crime he was convicted of. Dckt. Nos. 162 at 2, 165 at 3-4. A credible claim of actual innocence does constitute an equitable exception to the statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 932-33 (9th Cir. 2011). In order to qualify for this exception, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

> This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence."...As we have previously said, "where post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the Schlup gateway to allow consideration of otherwise barred claims."

////

////

4

*Lee*, 653 F.3d at 938 (citing *House v. Bell*, 547 U.S. 518, 539 (2006); *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir.2002)). "*Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (citing *Schlup*, 513 U.S. at 324).

Here, Tellez has not made a credible factual showing of actual innocence. Although he uses the words "actual innocence" and discusses applicable law, he does not provide any new evidence or even allege facts to support such a claim, either in his opposition to the motion to dismiss or in his motion to vacate, set aside, or correct his sentence. *See* Dckt. No. 165 at 5-7; Dckt. No. 156 at 4-6. Thus, Tellez is not entitled to the actual innocence equitable exception to the statute of limitations.

Because Tellez's motion is untimely and must be dismissed, the court does not address the government's additional arguments.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 6, 2011 motion to dismiss be granted; and

2. The Clerk of the Court be directed to close the companion civil case No. CIV S-11-0838 JAM EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections Tellez may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section

2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE